# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BEATRICE L. CRUZ, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:15-CV-0590-D |
| § | |
| JIM MATTIS, SECRETARY, § | |
| U.S. DEPARTMENT OF DEFENSE, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

By order of reference filed January 2, 2018 (doc. 55), before the Court is *Plaintiff's Objections to Defendant's Request for Costs*, filed December 29, 2017 (doc. 54). Based on the relevant filings and applicable law, the plaintiff's objections are **SUSTAINED**, and the defendant is awarded $2,932.30 in costs.

## I. BACKGROUND

On February 19, 2015, Beatrice L. Cruz (Plaintiff) filed suit against the Secretary of the U.S. Department of Defense (Defendant),[1] asserting claims under Title VII of the Civil Rights Act of 1964 (Title VII) for race and sex discrimination, and retaliation. (docs. 1 at 1-2; 27 at 1-2.)[2] On May 31, 2017, Defendant moved for summary judgment on Plaintiff's claims, and Plaintiff moved for partial summary judgment on certain of Defendant's affirmative defenses. (doc. 51 at 1; *see* docs. 35; 38.) On December 14, 2017, the Court granted Defendant's motion, denied Plaintiff's motion as moot, and entered a final judgment in Defendant's favor dismissing the case with prejudice and awarding Defendant his costs. (docs. 51, 52.)

---

[1] Plaintiff originally filed suit against the former Secretary of the U.S. Department of Defense, Ashton Carter. (*See* doc. 1.) Jim Mattis, as his successor, was "automatically substituted as a party" under Fed. R. Civ. P. 25(d).

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On December 27, 2017, Defendant submitted his bill of costs seeking $1,627.55 for "printed or electronically recorded transcripts necessarily obtained for use in this case," and $1,618.05 in costs for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case," for a total of $3,245.60. (doc. 53) On December 29, 2017, Plaintiff filed her objections to costs for transcripts in the amount of $163.00, and to costs for copies of materials in the amount of $150.30. (doc. 54 at 1-3.)

## II. ANALYSIS

Under Rule 54 of the Federal Rules of Civil Procedure, a prevailing party in a civil action is entitled to recover its costs unless otherwise directed by a court or statute. Fed. R. Civ. P. 54(d)(1). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). This presumption is rebuttable, however, and the district court retains the discretion not to award costs. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987).

"[S]ection 1920 strictly limits the types of costs that may be awarded to a prevailing party." *Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*, No. 2:15-CV-1202-WCB, 2017 WL 3044594, at *1 (E.D. Tex. July 18, 2017) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440–41 (1987)). As noted by the Fifth Circuit Court of Appeals, "[t]he Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001).[3] The party seeking recovery of its costs bears the burden

---

[3] Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. § 1920.

of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

## A. Transcripts

Plaintiff argues that $163.00 of Defendant's costs for transcripts "are unrecoverable because they are for other than [a] transcript." (doc. 54 at 1-2.) Defendant does not dispute that his bill of costs should be reduced by this amount. (doc. 57 at 1 n.1.) Plaintiff's objection to $163.00 in transcript costs is sustained, and Defendant's total requested costs are reduced by that amount.

## B. Copies of Materials

Plaintiff contends that part of Defendant's costs for copies of materials were "not necessarily obtained for use in the case" because they included copies of "1,002 pages of an [Equal Employment Opportunity Commission (EEOC)] Report of Investigation" that she already possessed and "specifically disclaimed interest in receiving during discovery." (doc. 54 at 2-3.) Defendant responds that the EEOC report was "necessarily obtained for use in the case" because although Plaintiff had a copy of the report, he did not, and he relied on the report in his summary judgment motion and in response to her partial summary judgment motion. (doc. 57 at 3-4.)

Section 1920(4) allows for the taxing of "costs of making copies of any materials where the copies are necessarily obtained for use in the case."[4] 28 U.S.C. § 1920(4); *see Fogleman*, 920 F.2d at 286 (recognizing that costs of copying materials are properly taxable when "necessarily obtained for use in the case . . . provided that the prevailing party demonstrates that necessity."). While a

---

[4] "The 2008 amendments to § 1920(4) replaced 'copies of papers' with 'the costs of making copies of any materials,' where the copies are necessarily obtained for use in the case." *Structural Metal, Inc. v. S&C Elec. Co.*, No. SA–09–CV–984–XR, 2013 WL 3790450, at *7 (W.D. Tex. July 19, 2013). Accordingly, "the taxable costs of making copies are no longer limited to just paper copies." *Eolas Tech., Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 806 (E.D. Tex. 2012).

prevailing party need not identify every photocopy made for use in the course of legal proceedings, it must provide "some demonstration that the reproduction costs necessarily result from that litigation." *Fogleman*, 920 F.2d at 286.

"The general rule is that duplicating expenses are properly taxable only to the extent that the copies were used in support of a successful motion for summary judgment, as exhibits at trial, or were furnished to and used by the [c]ourt or opposing counsel." *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 11439074, at *13 (W.D. Tex. Oct. 7, 2015) (citing cases); *see Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (citing 28 U.S.C. § 1920(4)) (finding that the trial court did not abuse its discretion in concluding that "copies presented . . . pursuant to the court's orders," and "copies of exhibits and documents . . . prepared for the court's consideration of [a] motion for summary judgment" were "necessarily obtained for use in the case" (quotations omitted)). Although the losing party "should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, [it] should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Fogleman*, 920 F.2d at 286.

Here, Plaintiff informed Defendant in her initial requests for production that "[m]aterials already contained in the EEO Report of Investigation need not be re-provided" because she already had copies. (docs. 54 at 2-3; 54-1 at 3.) In his "First Supplemental Responses and Objection to Plaintiff's Initial Requests for Production," Defendant provided 8,042 pages to Plaintiff. (doc. 53 at 4.) He does not dispute that 1,002 of those pages consisted of the materials she already possessed, which she stated did not have to be produced. (doc. 57 at 3.)[5] Because Plaintiff advised Defendant

---

[5]Based on this fact, the cases cited by Defendant in support of his claim for those costs are distinguishable.

that she already had copies of these pages, and that they did not need to be produced, it was unnecessary to reproduce them in response to Plaintiff's requests for production. *See Charles*, 2015 WL 11439074, at *14 (denying the plaintiff's request for costs of exhibits that the defendant already possessed).

To the extent these "copies were used in support of [Defendant's] successful motion for summary judgment," Defendant's itemized expenses separately list costs for its summary judgment motion, brief, and appendix, as well as its response to Plaintiff's motion, and Plaintiff does not object to his recovery of those costs. (doc. 53 at 3-4; *see* doc. 54.) Accordingly, the 1,002 pages of copies Defendant sent to Plaintiff during discovery were not "necessarily obtained for use in the case," and Plaintiff's objection to recovery of $150.30 in costs for those copies is sustained. That amount will therefore also be deducted from the total costs requested.

After subtracting the disallowed amount for part of Defendant's transcript costs ($163.00) and part of his costs for copies of materials ($150.30) from the original requested amount ($3,245.60), Defendant's recoverable costs total $2,932.30.

### III. CONCLUSION

Defendant is awarded $2,932.30 in taxable costs.

**SO ORDERED** on this 21st day of May, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE